**Christine McKENNON**

v.

**The NASHVILLE BANNER PUBLISHING CO.**

**No. 3-91-0346.**

United States District Court, M.D. Tennessee, Nashville Division.

June 3, 1992.

Michael Terry, Nashville, Tenn., for plaintiff.

R. Eddie Wayland, M. Kim Vance, Elizabeth B. Marney, King & Ballow, Nashville, Tenn., for defendant.

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the motion for summary judgment of the defendant, Nashville Banner Publishing Co., Inc. (filed January 7, 1992; Docket Entry No. 7), and the response thereto by the plaintiff Christine McKennon (filed March 16, 1992; Docket Entry No. 25). For the reasons discussed below, the Court grants the motion for summary judgment of the Banner.

## I.

Mrs. McKennon was employed by the Banner in May 1951, initially as an ad taker, subsequently as a secretary for six different individuals. In each of these positions, Mrs. McKennon was evaluated and her performance was consistently rated as excellent. From February 26, 1982, until March 6, 1989, Mrs. McKennon held the position of secretary to Jack Gunter, Executive Vice President. In 1989, Mr. Gunter's job assignment changed, and Mrs. McKennon was reassigned as secretary to Imogene Stoneking, Comptroller. In this position, her duties included maintaining personnel files, working on preparation of the annual budget, maintaining petty cash vouchers for expense reimbursements, processing time sheets, making travel arrangements, directing the personnel department regarding employee changes, and other duties, including miscellaneous tasks assigned directly by Ms. Stoneking. Complaint at 3 (filed May 6, 1991; Docket Entry No. 1).

Mrs. McKennon was an employee at will. Either party could terminate the employment relationship at any time. Acknowledgement of receipt of Nashville Banner employee handbook, dated February 28, 1990, appendix A to the Banner's memorandum to support motion for summary judgment (filed January 7, 1992; Docket Entry No. 8). Mrs. McKennon's employment was terminated on October 31, 1990, at which time she was sixty-two years old. According to the Banner, its need to reduce the size of its work force led to the decision to terminate her employment. She filed this lawsuit on May 6, 1991, alleging age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* and the Tennessee Human Rights Act (THRA) Tenn.Code Ann. § 4–21–101, *et seq.*

During the course of Mrs. McKennon's deposition on December 18, 1991, the Banner discovered that when Mrs. McKennon was a secretary to Ms. Stoneking, she copied and removed from the Banner's premises the following confidential documents: Nashville Banner Fiscal Period Payroll Ledger dated 9/30/89; Nashville Banner Publishing Co., Inc., Profit and Loss Statement dated 10/30/89; a note from Elise to

Simpkins; a memorandum from Imogene Stoneking to Irby C. Simpkins, Jr., dated 2/3/89; a handwritten note dated 2/8; and an Agreement between the Banner and one of its managing employees (notarized 3/1/89). Memorandum in support of defendant's motion for summary judgment, appendices D, F, H (filed January 7, 1992; Docket Entry No. 8). She took them home and showed them to her husband. Defendant's statement of undisputed facts at paras. 7–9 (filed January 7, 1992; Docket Entry No. 9). Mrs. McKennon argues that she copied and removed the documents for her "insurance" and "protection," "in an attempt to learn information regarding my job security concerns." Deposition of Christine McKennon taken December 18, 1991, at 241 (filed April 10, 1992; Docket Entry No. 39); affidavit of Christine McKennon at para. 12 (filed March 16, 1992; Docket Entry No. 28). As a result of this discovery, the Banner sent her a letter of termination on December 20, 1991. Exhibit A to appendix I of memorandum in support of defendant's motion for summary judgment.

On January 7, 1992 the Banner filed its motion for summary judgment based on the after-acquired evidence doctrine. Mrs. McKennon argues that the doctrine is inapplicable in the instant case and therefore summary judgment is improper.

## II.

The Court has subject matter jurisdiction over Mrs. McKennon's ADEA claim under 28 U.S.C. § 1331, the federal question statute. The Court has pendent jurisdiction over Mrs. McKennon's claim under the THRA.

## A.

### Summary Judgment Standard

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The parties do not dispute the duration and nature of Mrs. McKennon's employment with the Banner; nor do they dispute that she copied and removed confidential mate-

rials from the Banner's premises without permission. There is an apparent dispute, however, about the dates Mrs. McKennon took the documents. Further, Mrs. McKennon disputes that her copying and removal of the documents constituted such misconduct that would justify the application of the after-acquired evidence defense. She argues that her actions were justified for her own protection. She argues that those issues should be left to the jury.

None of these disputes are material to the resolution of this case. The Court finds that what is material in this case is that Mrs. McKennon's copying and removal of the confidential documents constituted misconduct, which was in violation of her obligations as a confidential secretary. The dates on which she took the documents are irrelevant as long as she took them prior to her termination. Therefore the Court holds that there are no genuine issues as to material facts.

## B.

### The After–Acquired Evidence Doctrine

The Banner argues that it is entitled to summary judgment on the basis of the after-acquired evidence doctrine. This doctrine was stated clearly by the Tenth Circuit in *Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700 (10th Cir. 1988). It was adopted by the Sixth Circuit in *Johnson v. Honeywell Info. Sys., Inc.*, 955 F.2d 409 (6th Cir.1992).

The Banner argues that under *Summers* and *Honeywell,* Mrs. McKennon is precluded from recovery, even assuming that she had been subjected to age discrimination, since Mrs. McKennon's unauthorized copying and removal of confidential materials, if known to it at the time, would have resulted in her immediate termination. Defendant's supplemental authority in support of summary judgment at 3 (filed March 3, 1992; Docket Entry No. 17).

In *Summers,* the plaintiff alleged he was wrongfully discharged from his position as a field claims representative due to his age and religious beliefs. In preparing for trial, the defendant employer examined the

plaintiff's records and discovered that he had falsified over 150 records. The Tenth Circuit agreed with the defendant's argument, that although this after-acquired evidence might not be relevant to show why the plaintiff was discharged, it was relevant in deciding what relief, if any, was available to the plaintiff. *Summers*, 864 F.2d at 704, 708.

In *Honeywell*, the plaintiff made false statements as to her college degree, other college courses taken and her job experience when she applied for the job. The job advertisement stated that Honeywell required a college degree in order for a candidate to be eligible. *Honeywell*, 955 F.2d at 411–12. The Sixth Circuit held that "under Michigan law, an employer may rely upon an employee's false representations made at the time of employment, of which the employer was unaware, and which were not the grounds for the employee's wrongful discharge, as a just cause defense to the employee's wrongful discharge and state civil rights claims." *Id.* at 410–11. The Sixth Circuit in *Honeywell* adopted the reasoning of *Summers* that

> while evidence acquired by an employer during discovery regarding plaintiff's 150 falsified claims during his employment as a field claims representative could not be said to constitute the actual "cause" for plaintiff's discharge, it was relevant to his claim of "injury" and precluded the grant of any relief or remedy under the federal civil rights laws.

*Honeywell*, 955 F.2d at 415 (citing *Summers*, 864 F.2d at 708). " 'To argue ... that this after-acquired evidence should be ignored is utterly unrealistic.' " *Honeywell*, 955 F.2d at 415 (quoting *Summers*, 864 F.2d at 708).

The Banner also has brought to the Court's attention a very recent case: *O'Day v. McDonnell Douglas Helicopter Co.*, 784 F.Supp. 1466 (D.Ariz.1992), which relied on *Summers* in applying the after-acquired evidence defense. *O'Day* is factually similar to the case presently before

this Court. In *O'Day*, the plaintiff, approximately six weeks before he was selected for a company-wide lay off, surreptitiously entered his supervisor's office, removed his confidential personnel file from the desk, photocopied portions of the file, removed the copied documents from the premises, and showed the documents to another individual. A week later, without any authorization, Mr. O'Day returned to his supervisor's office after his shift, copied his entire personnel file, and removed the copied documents from the premises. Mr. O'Day claimed his purpose was to gather information to prepare his charge with the EEOC. *O'Day*, 784 F.Supp. at 1467. The employer discovered Mr. O'Day's wrongdoing only when counsel deposed him in defending the age discrimination lawsuit. *Id.* at 1468. The court in *O'Day* applied the after-acquired evidence doctrine. Finding that there was "no question as to the outcome of Mr. O'Day's employment status" had his employer known of his misconduct, the court granted summary judgment to the defendant. *Id.* at 1469.

Mrs. McKennon disputes the applicability of the after-acquired evidence doctrine. In addition, she claims that her conduct was justified for her own protection. She argues that the instant case differs from *Summers* and *Honeywell*[1] in that, in those cases, the alleged misconduct concerned material misrepresentations as to the plaintiffs' qualifications, whereas it is not so here.[2] The Court agrees that Mrs. McKennon's misconduct was not identical to the misconduct in those cases. However, what matters is not whether the alleged misconduct is of exactly the same pattern. The central issue is the nature and materiality of the alleged misconduct. *Cf. Honeywell*, 955 F.2d at 413. Mrs. McKennon admits that, as a confidential secretary to the managing staff of the Banner, she was obligated to not violate her duty of confidentiality. Affidavit of Imogene L. Stoneking at 1–2 (filed March 10, 1992; Docket Entry No. 24); McKennon deposition at 136, 137, 158.

1. Mrs. McKennon has not filed a response to the defendant's second supplemental authority (*i.e.*, the *O'Day* case).

2. The court in *Summers* found "no meaningful distinction between a case involving the rejection of an application and a case involving the discharge of an employee." *Summers*, 864 F.2d at 707 n. 3.

By copying and removing confidential materials without any authorization, she violated this duty of confidentiality.

In order to rely on the after-acquired evidence doctrine, the Banner must prove that, had it known of Mrs. McKennon's misconduct, it would have terminated her employment. *O'Day,* 784 F.Supp. at 1468.

> [T]he after-acquired evidence must establish valid and legitimate reasons for the termination of employment.... These requirements are necessary to prevent an employer from combing a discharged employee's record for evidence of any and all misrepresentations, no matter how minor or trivial, in an effort to avoid legal responsibility for an otherwise impermissible discharge.

*Honeywell,* 955 F.2d at 414.

In this case, the Banner has established just cause for firing Mrs. McKennon by producing undisputed evidence establishing the nature and materiality of Mrs. McKennon's misconduct. Mr. Irby C. Simpkins, Jr., President of the Banner, stated that he would have terminated her immediately had he learned of her misconduct at any time prior to her discharge from the Banner on October 31, 1990. Affidavit of Irby C. Simpkins, Jr. at para. 5, appendix I to memorandum in support of defendant's motion for summary judgment.

The Court does not hold that any or all misconduct during employment constitutes just cause for dismissal or serves as a complete defense to a wrongful discharge action. The Court concludes, however, that Mrs. McKennon's misconduct, by virtue of its nature and materiality and when viewed in the context of her status as a confidential secretary, provides adequate and just cause for her dismissal as a matter of law, even though her misconduct was unknown to the Banner at the time of her discharge. Mrs. McKennon has brought forth no evidence tending to prove that the Banner would have continued her employment had it learned of her misconduct prior to her termination.

Mrs. McKennon next argues that this case is different from *Honeywell* in that she established a *prima facie* case of age discrimination and that a nexus exists between her misconduct and her discrimination claim. Plaintiff's response to defendant's motion for summary judgment (filed March 16, 1992; Docket Entry No. 25). The court in *Summers,* which was adopted by the Sixth Circuit in *Honeywell,* assumed age discrimination and still found that the after-acquired evidence doctrine prohibited recovery. *Summers,* 864 F.2d at 708. The nexus argument is irrelevant for the resolution of this case. If a plaintiff has engaged in misconduct severe enough to warrant termination upon discovery by the employer, then that plaintiff has no grounds that justify recovery for her termination. Whether the misconduct is related to the plaintiff's claim is irrelevant. *Cf. Honeywell,* 955 F.2d at 414; *Summers,* 864 F.2d at 704-07.

Mrs. McKennon's argument that she copied and removed the confidential materials for her own protection must also fail. It is recognized under the ADEA that an employee may not be discharged on the basis of the "opposition clause." [3] Mrs. McKennon has not made such a claim and her conduct does not fall into that category.

### III.

### CONCLUSION

For the reasons stated above, the Banner's motion for summary judgment is granted.

---

**3.** 29 U.S.C. § 623(d) provides:

Opposition to unlawful practices; participation in investigations, proceedings, or litigation

It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.