**Frances V. REDD, Plaintiff,**

v.

**FISHER CONTROLS, Defendant.**

**No. A 91 CA 691.**

United States District Court,
W.D. Texas,
Austin Division.

Nov. 24, 1992.

William S. Babcock, Jr., Austin, TX, for plaintiff.

Frances V. Redd, pro se.

Christopher A. Knepp, Hughes & Luce, Ann A. Price, Hughes & Luce, Austin, TX, for defendant.

## ORDER

SPARKS, District Judge.

BE IT REMEMBERED on this the 23rd day of November, 1992, came on to be heard and considered Defendant's Motion for Partial Summary Judgment, filed October 15, 1991, and Defendant's Motion for Summary Judgment on Plaintiff's Claims of Failure to be Rehired, filed April 24, 1992. Together, these motions, if granted, dispose of the entire case. Also before the Court is Defendant's Motion for Summary Judgment, filed November 2, 1992, which, if granted, would alone dispose of the entire case.

In her complaint, Plaintiff alleges that Defendant discriminated against her by terminating her employment and failing to promote her on the basis of her color (white), sex, and age (51) in September and October of 1987. She also alleges that Defendant discriminated against her by failing to "reinstate" her. *See Plaintiff's Original Complaint* (September 4, 1991).

Because the Court finds Plaintiff failed to timely file any of her claims and could not have been injured by any alleged discriminatory actions by the Defendant, if timely filed, the Court grants the Defendant's motions for summary judgment and will enter judgment in favor of Defendant.

### I. *Defendant's First Motion for Summary Judgment*

Defendant's first motion for summary judgment is based on Plaintiff's failure to timely file her claims of sex, age, and race discrimination. In support, Defendant submitted copies of Ms. Redd's complaint filed with the EEOC on October 19, 1988 (Charge No. 36A–89–0016) and the EEOC determination that Ms. Redd's charge was untimely filed. *See Defendant's Motion for Partial Summary Judgment* (October 15, 1991), Exhibits A & B. Defendant also submitted, with their reply to Plaintiff's response to their motion for summary judgment, an affi-

davit of Irma Madrigal, the Austin Human Rights Commission (AHRC) employee with whom Plaintiff alleges she filed her charge in February 1988. In that affidavit, Ms. Madrigal states that when a person wishes to file a charge of discrimination she (Ms. Madrigal) prepares the charge, assigns AHRC and EEOC charge numbers, has the charging party sign the charge, notarizes the charge, and "always gives the charging party a copy of the charge." *Affidavit of Irma Madrigal* (attached to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss and for Summary Judgment, filed August 14, 1992). She also stated that within two to three days the charge numbers, the charging party's name, the respondent's name, the date of filing, and the date of violation are entered into AHRC's computer database. *Id.* "Therefore, if an individual files a charge of discrimination there will be a record of that charge even if the charge itself is lost or misplaced." *Id.* There is no such charge, or record thereof, filed by Plaintiff against Fisher Controls in February 1988. *Id.* Section 2000e–5(e), Title 42, United States Code, requires Title VII employment discrimination claims based on color and sex to be filed with the Equal Employment Opportunity Commission (EEOC) within three hundred days of the alleged unlawful employment action. Similarly, Section 626(d)(2), Title 29, United States Code, also requires claims of age discrimination to be filed with the EEOC within three hundred days of the alleged unlawful practice. Plaintiff has provided no legally competent evidence that she filed a complaint with the EEOC within three hundred days of the time when Defendant allegedly failed to promote her and discharged her as a result of her age, color, and sex. Plaintiff in her pleading merely states that she filed a complaint with the EEOC in February and October of 1988. In response to Judge James R. Nowlin's order requiring Plaintiff to show cause as to why the case should not be dismissed for failure to timely file with the EEOC, Plaintiff stated she was incarcerated from March 21, 1988 through October 7, 1988 and was thus unable to discover the loss of the complaint until October 1988. In support, she attaches a letter from EEOC investigator, Irma Madrigal, with whom Plaintiff

claims she met in February, who stated she did not remember the February visit but that Ms. Redd "does remember quite well the layout of our office at that time" and that the files had been destroyed so she could not confirm the meeting. Plaintiff also attaches a statement from a woman Sylvia Miller, who has no personal knowledge but says Plaintiff told her of her filing the complaint prior to March 1988; a statement from Plaintiff's husband Ed Redd who says he went with Plaintiff in February 1988 but stayed in the car (for 2 hours) and that Plaintiff told him "Well I did it" when she returned to the car; and a statement from Plaintiff's son stating that he went with Plaintiff in October 1988 and that Ms. Madrigal commented on the weight his mother had lost, indicating that she had met with Plaintiff before, and that Plaintiff was able to describe the layout of the old office which had been moved since February. Finally, Plaintiff attached a photocopy of the two business cards she received from Ms. Madrigal on each visit, which are each different (presumably because the office moved). None of the statements were notarized. However, following Defendant's response to Plaintiff's response to Judge Nowlin's show cause order, Plaintiff filed three affidavits. The first two were those of her husband and son described above. In addition, Ms. Redd filed her own affidavit, stating that "[t]he attached letter dated February 5, 1988 is a true and correct copy of the original letter which I gave to Mrs. Irma Madrigal on or about February 9, 1988 *with a complaint against Fisher Controls/Sunvic.*" The attached letter to Ms. Madrigal is unsigned and merely states that Ms. Redd had previously visited the office to obtain literature and that attached are copies of items listed in the table of contents and information on several Fisher Control employees. Plaintiff did not supply the Court with a copy of the table of contents or otherwise offer proof that she filed a complaint with the EEOC in February 1988.

▮ The affidavits filed by Plaintiff do not sufficiently raise an issue of material fact to preclude granting of Defendant's October 15, 1991 motion for partial summary judgment. Plaintiff's son and husband did not

have personal knowledge of Plaintiff's alleged filing of a complaint in February 1988. Hearsay evidence is insufficient to create a material issue of fact. *See Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987). Plaintiff's affidavit, while based on personal knowledge, is also insufficient to create a material issue of fact with regard to her filing of a complaint prior to October 1988. At best, Plaintiff's affidavit raises a fact question concerning whether or not she *gave* EEOC employee Ms. Madrigal a copy of a complaint along with the letter which she provided to the Court, not whether or not such a complaint was *filed.* The Court cannot help but question Plaintiff's failure to file an affidavit directly stating that she filed a complaint with the EEOC in February 1988. Regardless, Plaintiff's proffered evidence to rebut Defendant's motion for summary judgment fails to create a material fact issue, and Plaintiff's claims of age, sex, and race discrimination with regard to Defendant's failure to promote Plaintiff and Defendant's discharge of Plaintiff in October 1987 are, as a matter of law, barred by 42 U.S.C. § 2000e–5(e) and 29 U.S.C. § 626(d).

## II. *Defendant's Second Motion For Summary Judgment*

■ In Defendant's second motion for summary judgment, Defendant contends that Plaintiff's claim that Defendant's failure to rehire Plaintiff does not constitute a new or continuing violation so as to enable Plaintiff to maintain that claim despite the fact it was filed more than three hundred days after the date Plaintiff was discharged from her employment with Fisher Controls. The Court agrees with Defendant. Were the Court to hold otherwise, the limitations periods of Title VII and the Age Discrimination in Employment Act (ADEA) could be circumvented easily in discriminatory discharge cases by simply requesting to be rehired whenever

one has failed to file a complaint of discriminatory discharge within the applicable time limit. Recognizing that, other courts have similarly held that failure to reinstate or rehire does not generally constitute an actionable new act of discrimination or continuing discrimination so as to allow the limitations period to begin at the time when the former employee requests reinstatement. *See, e.g., Delaware State College v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 506 n. 15, 66 L.Ed.2d 431 (1980) ("Mere requests to reconsider ... cannot extend the limitations periods applicable to the civil rights laws."); *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761, 766 (5th Cir.1977) (Refusal to reinstate employee to former position "does not constitute a continuing course of discrimination"); *Woodburn v. LTV Aerospace Corp.,* 531 F.2d 750, 751 (5th Cir.1976) (same); *Collins v. United Air Lines, Inc.,* 514 F.2d 594, 596 (9th Cir.1975) (Denial of request for reinstatement does not constitute a new and separate discriminatory act or a continuing violation as "[a] discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge....") (quoting *NLRB v. Textile Mach. Works,* 214 F.2d 929, 932 (3d Cir.1954)).

## III. *Defendant's Third Motion for Summary Judgment*

In its third motion for summary judgment, Defendant contends that because Plaintiff lied on her job application by stating that she had never been convicted when, in fact, she was at that time serving probation for third degree felony theft for filing false insurance claims,[1] Plaintiff is, as a matter of law, prevented from recovering on any of her claims. In support, Defendant has supplied affidavits of Jerry Lazenby, Human Resources Manager for Fisher Controls at the time Plaintiff applied for employment and was discharged

---

1. Plaintiff does not dispute the fact of her conviction, although her attorney in his response to Defendant's third motion for summary judgment did state that

   [Plaintiff] successfully completed her probated sentence believing that the case would be dismissed *thereafter.* Plaintiff honestly did not believe she had been convicted when she applied for work with Fisher.

*Response to Defendant's Motion for Summary Judgment for "No Injury",* at 2 (Nov. 13, 1992) (emphasis added). Defendant also provided, as proof, certified copies of the indictment against Plaintiff, the judgment of probation (for four years) dated October 13, 1982, and the order releasing Plaintiff from probation on January 14, 1987.

and Eric Hartlen, Director of Human Resources of Fisher Controls' Process Instrumentation Division in Austin, Texas, who was involved in the formulation and application of Fisher Control's personnel policies, along with a copy of Frances Redd's application for employment with Fisher Controls and Fisher Controls' policy concerning falsification of employment applications.

On Plaintiff's March 29, 1985 application for employment with Fisher Controls, Plaintiff checked the "no" box when asked if she had ever been convicted. *Defendant's Brief in Support of Defendant's Motion for Summary Judgement, Exhibit A* (Nov. 2, 1992). Above Plaintiff's signature on the application, and below the words "PLEASE READ CAREFULLY", the application reads, "I UNDERSTAND AND AGREE THAT ANY FALSE INFORMATION OR CONSEQUENTIAL OMISSION CONTAINED IN MY APPLICATION IS CAUSE FOR DISCHARGE." *Id.* (emphasis in original). In addition, according to Fisher Controls' written policies, falsification of an employment application is a Class A Infraction, which "*will* result in either a written warning or termination." *Id., Exhibit E,* (Nov. 2, 1992) (emphasis added and deleted). Both Mr. Lazenby and Mr. Hartlen stated that Fisher Controls would never have hired Plaintiff had it known about her conviction and her application falsification. *Id., Exhibits E, F.* They also both stated that because of Fisher Controls's general policy of requiring honesty and trustworthiness of its employees and because of Plaintiff's access to confidential and proprietary information in her position, Fisher Controls would have fired Plaintiff had it discovered the conviction and falsification after hiring Plaintiff. *Id.*

Although the Fifth Circuit has not yet addressed the issue of what significance to give "after-acquired" evidence, which, if previously known, would have caused the employer to not hire or terminate [2] the plaintiff

for nondiscriminatory reasons, most courts addressing this issue have held that such evidence can be cause for granting summary judgment in favor of an employer/defendant on the grounds that the employee/plaintiff could not have been injured by being discharged, even if he or she was actually discharged for otherwise illegal reasons. *See, e.g., Milligan–Jensen v. Michigan Tech. Univ.,* 975 F.2d 302, 304–05 (6th Cir.1992); *Washington v. Lake County, Ill.,* 969 F.2d 250, 256 (7th Cir.1992); *Johnson v. Honeywell Info. Sys., Inc.,* 955 F.2d 409, 414–15 (6th Cir.1992); *Summers v. State Farm Mut. Auto. Ins. Co.,* 864 F.2d 700, 708 (10th Cir. 1988); *McKennon v. Nashville Banner Publishing Co.,* 797 F.Supp. 604, 608 (M.D.Tenn. 1992); *Bonger v. American Water Works,* 789 F.Supp. 1102, 1105–07 (D.Colo.1992); *Churchman v. Pinkerton's Inc.,* 756 F.Supp. 515, 521 (D.Kan.1991); *Mathis v. Boeing Military Airplane Co.,* 719 F.Supp. 991, 995 (D.Kan.1989); *but see Wallace v. Dunn Constr. Co., Inc.,* 968 F.2d 1174, 1178 (11th Cir.1992) (Court rejects *Summers* approach).

The first, and perhaps leading, case to discuss this issue was *Summers v. State Farm Mutual Automobile Insurance Company,* decided by the Tenth Circuit Court of Appeals in 1988. *Summers,* 864 F.2d 700. In *Summers,* a discharged employee, Summers, brought a suit complaining of discrimination on the basis of age and religion. While preparing for trial, his employer State Farm, which was already aware of several instances of falsified records by Summers and had placed Summers on probation, discovered over 150 instances where Summers had falsified records, 18 of those taking place while Summers was on probation. *Id.* at 702–03. As a result of that information, discovered after Summers had been discharged, State Farm argued that because it would have terminated Summers had it known of all of those instances, Summers should· not,

---

**2.** Although there has been some discussion of whether the proper standard should be whether or not the employee would have been discharged, versus whether or not the employee would never have been hired, or whether either finding will suffice, this Court need not decide that question as there is uncontroverted evidence that Defendant would not have hired Plaintiff had it known

of the conviction and application falsification before it hired her and would have discharged her had it discovered that evidence subsequent to her employment but prior to her actual discharge. *See Washington,* 969 F.2d at 254–56 (court concluded proper inquiry is whether employee would have been fired); *Bonger,* 789 F.Supp. at 1106.

as a matter of law, be entitled to any relief, whether or not he had been terminated on account of his age or religion. *Id.* at 704. Assuming for the sake of argument that Summers had been discharged because of his age or religion, the Court held the after-acquired evidence was "relevant to Summers' claim of 'injury,' and does itself preclude the grant of any present relief or remedy to Summers." *Id.* at 708. To support its decision, the Court drew the following analogy:

> The present case is akin to the hypothetical wherein a company doctor is fired because of his age, race, religion, and sex and the company, in defending a civil rights action, thereafter discovers that the discharged employee was not a 'doctor.' In our view, the masquerading doctor would be entitled to no relief, and Summers is in no better position.

*Id.*

The majority of courts which have applied the holding in *Summers* have done so in cases, like this, where an employee brings a claim of discriminatory discharge and the employer discovers after the discharge that the employee had made material misstatements or omissions on his or her job application, which, if known by the employer, would have, caused the employer to not hire or to discharge the employee. *See Milligan–Jensen,* 975 F.2d at 303–05 (employee omitted prior DUI conviction on employment application for position as public security officer); *Reed v. AMEX Coal Company,* 971 F.2d 1295, 1298 (7th Cir.1992) (employee denied being convicted of a felony on job application when employee had been convicted of armed robbery two years earlier); *Washington,* 969 F.2d at 251, 256 (employee stated on job application he had never been convicted of an offense when he had been convicted of third-degree assault and criminal trespass); *Johnson,* 955 F.2d at 411, 414 (employee stated she had college degree on a job application for a position which expressly required a college degree when, in fact, she had completed only four courses); *Bonger,* 789 F.Supp. at 1104, 1107 (same); *Churchman,* 756 F.Supp. at 521 (employee made several material misstatements and omissions on job application); *Mathis,* 719 F.Supp. at 992, 994

(employee omitted fact she had prior felony conviction and fact she had been terminated for cause by previous employers on job application). Moreover, the plaintiffs in many of those cases were precluded from any recovery because it was discovered they had lied on their job applications about prior convictions. *See id.*

As in the above cases, Plaintiff has failed to provide any competent evidence which would create a material issue of fact concerning her right to recovery were she to eventually prevail on any of her causes of action. In her verified response to Defendant's Motion for Summary Judgment, Plaintiff contends "Defendant can never really prove that it would not have hired Ms. Redd 'had it known about her record,'" and states she "has personal knowledge disputing those affidavits [of Mr. Lazenby and Mr. Hartlen] as do others whom Plaintiff knows." Despite these assertions of personal knowledge, Plaintiff's attached "affidavit" merely states that one of her supervisors, Sterling Lands II was aware of her felony in August, 1986, and that Mr. Lands testified before Judge Nowlin that he would guarantee her job if she returned to work immediately. Not only is this affidavit not notarized, but this information is based on hearsay and is not within Plaintiff's personal knowledge, thus, it is not competent evidence to rebut the affidavits supplied by Defendant. *See Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1305–06 (5th Cir.1988); *Martin,* 819 F.2d at 549. Nor is Plaintiff's assertion that Defendant cannot really prove that they would not have hired her sufficient to raise an issue of material fact. *See Washington,* 969 F.2d at 253, 256–257.

Contrary to Plaintiff's attorney's belief that although "[i]t may be Fisher's policy and preference to not hire ex-convicts, [ ] if one slips in, and there's no specific contract clause requiring termination upon failure to disclose it, such an employee still has a right to protection of his civil rights," Plaintiff is entitled to no recovery against Defendant even assuming that Plaintiff could prove Defendant failed to promote her or discharged her because of her age, color, or sex. Defendant's personnel policy and warning on its job applications that falsification of the job

application could result in termination is specific enough for this Court to believe Plaintiff was adequately apprised of the potential result of her failing to tell Defendant of her prior felony conviction when asked on her job application. Having failed to come forward with any evidence to dispute Defendant's evidence that Plaintiff would not have been hired or would have been discharged upon discovery of Plaintiff's prior conviction and application falsification, the Court finds Plaintiff suffered no injury, as a matter of law, and Defendant is entitled to summary judgment.

### IV. *Conclusion*

Defendant's motions for summary judgment establish, as a matter of law, that there is no genuine factual dispute with regard to when Plaintiff filed her complaint with the EEOC, with regard to Plaintiff's claim that Defendant's failure to rehire her in violation of Title VII and the ADEA, or with regard to injury suffered by Plaintiff. Plaintiff did not file her claims for age, race, and sex discrimination with the EEOC within prescribed time limits. Nor did Defendant's failure to rehire Plaintiff constitute a new or continuing violation of Title VII or the ADEA. Furthermore, even if Plaintiff's claims were not otherwise barred and she could prove discrimination, she would not be entitled to any relief given Defendant's uncontroverted evidence that had it known about Plaintiff's prior theft conviction and her application falsification, it would not have hired her or would have discharged her. Therefore, the Court enters the following orders:

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment, filed October 15, 1991, Defendant's Motion for Summary Judgment on Plaintiff's Claims of Failure to be Rehired, filed April 24, 1992, and Defendant's Motion for Summary Judgment, filed November 2, 1992, are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims for discriminatory discharge and failure to promote are BARRED, as a matter of law.

IT IS FURTHER ORDERED that Plaintiff's claim for discriminatory failure to rehire fails to state a claim upon which relief can be granted and is DISMISSED.

Judgment will be entered accordingly.