Niecy C. ORISAKWE, Plaintiff,

v.

**MARRIOTT RETIREMENT COM-MUNITIES, INC. D/B/A Brighton Gardens, Defendant.**

**Civ. A. No. H–93–0064.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 15, 1994.

Kurt G. Clarke, Houston, TX, for plaintiff.

A. Martin Wickliff, Jr., Houston, TX, Michael C. Ford, Carlton J. Trosclair, Bathesda, MD, for defendant.

## ORDER

GILMORE, District Judge.

Pending before the Court is a motion for summary judgment by Defendant Marriott Senior Living Services, Inc. d/b/a Brighton Gardens, formerly known as Marriott Retirement Communities, Inc. d/b/a Brighton Gardens. Having considered the motion, the responses, the submissions of the parties and applicable law, the Court finds the motion should be granted.

In her complaint, Plaintiff, Niecy Orisakwe, alleges that Defendant discriminated against her by terminating her employment on the basis of her race (black) and national origin (Nigerian.) Because the Court finds that Plaintiff could not have been injured by any alleged discriminatory actions by the Defendant, the Court grants Defendant's motion for summary judgment and will enter judgment in favor of Defendant.

Plaintiff was employed at Marriott's Brighton Gardens Senior Living Services as a nurse's assistant on the 11–7 shift in the Nursing Care Center unit. She was hired in September, 1991 and discharged on March 18, 1992. Defendant asserts it discharged Plaintiff for "patient neglect" after finding that a patient had been left in feces and urine. Defendant claims that Plaintiff had specifically been instructed to attend to the patient. Plaintiff claims that the patient was assigned to a co-worker and that the real reason she was fired is because she is Nigerian.

■ As an initial matter, the Court notes that in the charge Plaintiff filed with the EEOC, she alleges only national origin as the basis of discrimination. A district court may consider only those grounds of a Title VII complaint that were raised in the administrative process. *Anderson v. Lewis Rail Service Co.*, 868 F.2d 774 (5th Cir.1989). Accordingly, the Court confines itself to Plaintiff's claim that she was discriminated against on the basis of national origin.

■ Subsequent to the filing of this lawsuit, Defendant discovered that Plaintiff had omitted previous employers from her application when she applied for employment with Marriott. Defendant asserts that had it known of these omissions, or known that one of the omitted employers had discharged Plaintiff for patient neglect, it would not have hired or would have fired Plaintiff upon learning of those omissions.

Defendant contends that even if Plaintiff could succeed in presenting a triable issue on her claims of discrimination, it is entitled to judgment as a matter of law because Plaintiff's admitted misrepresentations on her employment application provide Marriott with an independent basis for her termination. Defendant argues that its subsequent discovery of Plaintiff's misconduct rebuts any claim of injury. Specifically, Defendant refers to the doctrine of after-acquired evidence adopted by the Tenth Circuit in *Summers v. State Farm Mutual Auto Ins. Co.*, 864 F.2d 700, 708 (10th Cir.1988).

*Summers* holds that a plaintiff, who would have been discharged without any unlawful motive, as proven by after-acquired evidence, has no compensable injury resulting from his employer's discriminatory acts. The Sixth, Seventh and Eighth Circuits join the Tenth Circuit in adopting the *Summers* approach. *See Conlin v. Mission Foods Corp.*, 850 F.Supp. 856, 858 (N.D.Cal.1994). The Eleventh Circuit rejects the no-recovery rule in favor of a rule that simply eliminates certain types of relief available to the plaintiff, including reinstatement, front pay or an injunction. *Id.*

Courts adopting the *Summers* approach hold that after-acquired evidence of employee misconduct, including application fraud, bars recovery for an unlawful discharge if the employer establishes that it would not have hired, or would have discharged, the employee had it known of the misconduct or misrepresentation. *See e.g., Welch v. Liberty Machine Works, Inc.,* 23 F.3d 1403, 1405 (8th Cir.1994) (worker omitted to list on application prior relevant employment from which he had been terminated for poor performance; however, employer's affidavit was self-serving and did not establish material fact that employer would not have hired worker but for the misrepresentation); *Washington v. Lake County, Ill.,* 969 F.2d 250, 256–257 (7th Cir.1992) (employee who had been convicted of third-degree assault and criminal trespass stated on job application that he had never been convicted of an offense); *Johnson v. Honeywell Info. Sys., Inc.,* 955 F.2d 409, 411, 414 (6th Cir.1992) (employee stated on job application that she had college degree for a position which expressly required a degree when, in fact, she had only completed four courses).

In a case similar to this one, the Fifth Circuit recently affirmed the granting of summary judgment on the basis of after-acquired evidence. *Redd v. Fisher Controls,* 814 F.Supp. 547 (W.D.Tex.1992), *aff'd,* 35 F.3d 561 (5th Cir.1994). In *Redd,* the discharged employee brought a claim for sex, age and race discrimination against the employer. On motion for summary judgment, the employer argued that because the plaintiff had lied on her job application that she had never been convicted of a crime, when in fact she was on probation for third degree felony theft, she was barred as a matter of law from recovering on any of her claims.

The court determined the defendant's personnel policy and warning on its job applications that falsification of the job application could result in termination adequately apprised the plaintiff of potential discharge for failing to complete the job application honestly. The defendant presented evidence that the plaintiff would not have been hired or would have been discharged upon discovery of her prior conviction and application falsifi-

cation. Because the plaintiff failed to come forward with any evidence to dispute the defendant's evidence, the court found that the plaintiff suffered no injury as a matter of law and granted the defendant summary judgment. *Redd,* 814 F.Supp. at 553.

In support of its motion in this case, Defendant offers the affidavits of Larry Sieler, General Manager for Brighton Gardens, and Robbie Murphy, Director of Nursing at Brighton Gardens at the time Plaintiff was discharged, a copy of Plaintiff's application for employment with Marriott, excerpts from Plaintiff's deposition testimony and Marriott's policy concerning falsification of employment applications. Defendants also submit Plaintiff's work record from an employer not listed on her application.

On her employment application for Marriott, Plaintiff failed to list additional jobs which Plaintiff, in deposition testimony, admits to having held. The job application completed by Plaintiff included a warning that a material misrepresentation or deliberate omission of fact could result in termination. In addition, according to Marriott's employee manual, falsification of an employment application was listed as a serious violation which would justify immediate termination. Plaintiff acknowledges having received this manual.

Plaintiff's work record from a undisclosed previous employer shows that the Plaintiff had been discharged for neglecting a patient. Both Sieler and Murphy stated that Plaintiff would have been terminated had they known she had omitted previous employers from her employment application. Murphy further stated that had she known that Plaintiff had been terminated from the undisclosed employer, Murphy would not have hired her, and would have terminated her upon learning such.

As in the cases cited above, Plaintiff fails to provide any evidence which would create a material issue of fact concerning her right to recovery were she to eventually prevail on her cause of action. Plaintiff fails to come forward with any evidence to dispute Defendant's evidence that Plaintiff would not have been hired or would have been discharged upon discovery of Plaintiff's prior termi-

nation for patient neglect and application falsification. Accordingly, the Court finds Plaintiff suffered no injury, as a matter of law, and Defendant is entitled to summary judgment.

Although the Court finds that Defendants are entitled to judgment as a matter of law under the doctrine of after-acquired evidence, the same result would be reached under traditional application of employment discrimination law. Although Plaintiff's affidavit is sufficient to raise a genuine issue of material fact as to a prima facie case of discrimination, Plaintiff fails to rebut or raise a fact issue concerning Defendant's legitimate and non-discriminatory reasons for discharging her.

Defendant contends it discharged Plaintiff, not because she is Nigerian, but because Defendant believed that she had left a patient in urine and feces after having been told to attend to the patient. Even where an employer *wrongly* believes an employee has violated company policy, it does not discriminate in violation of Title VII if it acts on that belief. *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251, 1256 (5th Cir.1977).

Once Defendant states a legitimate, nondiscriminatory basis for terminating her, the Plaintiff must tender factual evidence which, if believed, would show that Defendant's stated reasons are a pretext. *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955, 958 (5th Cir.1993). Pretext cannot be established by Plaintiff's mere conclusory statements that she has been discriminated against. *Amburgey v. Corhart Refractories Corp., Inc.,* 936 F.2d 805, 814 (5th Cir.1991). Because Plaintiff has failed to produce any evidence raising a genuine issue of material fact as to Defendant's stated reason, Defendant would also be entitled to summary judgment on this ground.

Having considered the motion, the evidence and the arguments of counsel, this Court finds that Defendant is entitled to judgment as a matter of law. Accordingly,

IT IS ORDERED that the motion for summary judgment by Defendant Marriott Senior Living Services (Docket Entry # 20) is GRANTED.