Steven W. NYHART, Plaintiff,

v.

U.A.W. INTERNATIONAL, Defendant.

Steven W. Nyhart, Plaintiff,

v.

U.A.W. LOCAL # 31, Defendant.

Nos. CIV. 99–2251–GTV, CIV. A. 99–2252–GTV.

United States District Court, D. Kansas.

Oct. 24, 2001.

Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for plaintiff.

Bruce C. Jackson, Jr., Mark A. Kistler, Yonke, Arnold, Newbold & Regan, P.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

This case is before the court on defendants' motion for summary judgment (Doc. 44). The case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff alleges that defendants U.A.W. International and U.A.W. Local # 31 ("the union") discriminated and retaliated against plaintiff based on his disability in violation of the ADA. Specifically, plaintiff alleges that the union refused to file grievances on his behalf because of his disability.

The union responds that plaintiff failed to exhaust his remedies with the Equal Employment Opportunity Commission ("EEOC") in a timely manner and that plaintiff failed to exhaust his contractual and internal union remedies prior to filing suit. The union also submits that plaintiff's exclusive remedy lies in the grievance and arbitration procedures contained in the collective bargaining agreement between the union and plaintiff's employer.

For the reasons stated below, the court concludes that plaintiff properly exhausted his remedies with the EEOC. However, because the union has failed to provide the court with sufficient information, the court is unable to conclude whether plaintiff was required to exhaust his contractual and internal union remedies. The court is also unable to conclude whether plaintiff waived his right to sue the union for discrimination. Accordingly, the court denies defendants' motion for summary judgment.

## I.  FACTUAL BACKGROUND

The following facts are taken from the summary judgment record and are either uncontroverted or viewed in the light most favorable to plaintiff's case. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff works for General Motors and is a member of the auto workers' union. General Motors is a party to a collective bargaining agreement with the union that includes a grievance procedure.

In January of 1996, plaintiff went on medical leave from work due to problems with his back. He eventually returned to work on "light duty" in November of 1996 and was denied the opportunity to work overtime between November of 1996 and January of 1997. Plaintiff also did not receive a bonus for the year 1996 and claims he was denied three weeks of pay. Plaintiff was placed on medical leave again in January of 1997 and returned to work

without medical restrictions in June of 1997.

Plaintiff requested that his union committeeman, Jim Wolfe, file grievances regarding the overtime denial, the bonus, the lost pay, and some "vacation issues." Wolfe and the union refused to file the grievances. Plaintiff alleges that he tried to file the grievances between June of 1998 and August of 1998. Although the union had an internal procedure for reinstating improperly disposed of grievances, plaintiff has never filed any internal charges or appeals except a charge filed in March of 1998. The record does not indicate the content of the March 1998 charge.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Lack of a genuine issue of material fact means that the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984).

## III. DISCUSSION

### A. Timely Exhaustion of Remedies with the EEOC

The union claims that, although plaintiff filed a charge of discrimination with the EEOC regarding conduct allegedly occurring between June and August of 1998, plaintiff's case actually concerns conduct occurring between November of 1996 and June of 1997. Because plaintiff did not file an EEOC charge regarding such conduct in a timely manner, the union asks the court to dismiss plaintiff's case for failure to exhaust his administrative remedies or failure to file an EEOC charge in a timely manner.

█ The union's own evidence demonstrates that there is a genuine issue of material fact as to when the allegedly discriminatory conduct occurred. In this case, the relevant conduct is the union's refusal to file grievances on plaintiff's behalf, not General Motors's refusal to let plaintiff work overtime or pay him a bonus. The record indicates that General Motors made its allegedly adverse employ-

ment decisions between November of 1996 and June of 1997. However, the record also indicates that the union may have refused to process the grievances regarding General Motors's conduct as late as August of 1998—i.e., plaintiff stated in his deposition that he tried to file grievances between June and August of 1998. Plaintiff's testimony is sufficient to create a genuine issue of material fact as to when the union refused to process the grievances. The court therefore denies summary judgment for failure to exhaust administrative remedies with the EEOC in a timely manner.

### B.   Exhaustion of Contractual and Internal Union Remedies

■ The union next argues that plaintiff was required to appeal the union's refusal to file his grievances through an internal union appeal procedure. The union has provided the court with a letter incorporating an internal union appeal procedure into the collective bargaining agreement between the union and General Motors. However, the union has failed to provide the court with evidence of the appeal procedure itself. The court is unable to determine whether it is mandatory or optional. Absent such information, the court is unable to hold that plaintiff was required to appeal the refusal to file his grievances. Consequently, the court denies summary judgment on this issue.[1]

### C.   Grievance Procedure as Exclusive Remedy

The union's final argument is that the grievance procedure provided in the collective bargaining agreement serves as an exclusive remedy for plaintiff. In support, the union cites the following provisions in the collective bargaining agreement:

### PREFACE

General Motors Corporation and the UAW recognize their respective responsibilities under federal, state, and local laws relating to fair employment practices.

The Company and the Union recognize the moral principles involved in the area of civil rights and have reaffirmed in their Collective Bargaining Agreement their commitment not to discriminate because of race, religion, color, age, sex or national origin.

.     .     .     .     .

(6a) It is the policy of General Motors and the UAW that the provisions of this Agreement be applied to all employees covered by this Agreement without discrimination based on race, color, religion, age, sex, national origin or individuals with disabilities as required by appropriate state and federal law. Any claims of violation of this policy, claims of sexual harass-

---

1. Even if the court were able to determine that any internal appeal procedure was mandatory, the court still would deny summary judgment on this issue. The court finds persuasive a Seventh Circuit case that held that an employee filing a Title VII claim against his union for discriminatory handling of grievances is not required to exhaust internal union remedies. See, e.g., *Donaldson v. Taylor Prods. Div. of Tecumseh Prods. Co.*, 620 F.2d 155, 158 (7th Cir.1980) ("[T]here is no exhaustion requirement under [Title VII or § 1981]." (citation omitted));see also *Crites v. Kaiser Aluminum & Chem. Corp.*, No. 91–

1231, 1992 WL 64873 (4th Cir. Apr.3, 1992); *Cooper v. Dumas*, 106 F.Supp.2d 479 (S.D.N.Y.2000) ("It appears clear from the Supreme Court's holding in *Alexander [v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ], as well as the plain language of Title VII ... that a plaintiff bringing a breach of fair duty claim under Title VII is under no duty to exhaust internal procedures prior to bringing a Title VII claim."). Similarly, the court concludes that there is no duty to exhaust internal union appeal procedures prior to bringing an ADA claim.

ment or of any laws regarding discrimination or harassment on account of disability may be taken up as a grievance.

When a grievance containing a claim of violation of this paragraph is appealed to the Shop Committee the Chairperson of the Shop Committee may refer the claim to a designated member of the Civil Rights Committee of the Local Union for a factual investigation and report. Any such investigation will be conducted in accordance with the provisions of Paragraph (33). Neither the Chairperson of the Civil Rights Committee, nor the member of the committee that the Chairperson may designate to investigate such claim in the Chairperson's place, shall receive pay from the Corporation based solely upon any activity arising pursuant to this paragraph.

The grievance and arbitration procedure shall be the exclusive contractual procedure for remedying such discrimination claims.

These provisions deal with an employee's grievances against General Motors—not problems an employee has with getting the union to pursue his grievances. Again, the union seems to be focusing on the wrong set of events. Plaintiff's case is not a case against General Motors for discriminatory employment practices. Rather, plaintiff's case is a case against the union for discriminatory failure to process his grievances. Presumably, issues between the union and employee are addressed in the union constitution, but the court does not have the constitution before it.

█ Without holding that an "exclusive remedy" provision in the union constitution would effectively waive plaintiff's right to bring an ADA claim in court, the court holds that, based on the evidence before it, there is no indication that plaintiff is precluded from suing the union for discriminatory failure to process his grievances.[2]

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 44) is denied.

Copies of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

---

**2.** The court notes that the parties devoted most of their briefs to discussing whether an arbitration clause in a collective bargaining agreement can effectively waive an employee's statutory right to bring suit under the ADA. The court questions whether such a discussion is relevant to the case at hand. Here, it seems that the relevant "agreement" is the union constitution, not the collective bargaining agreement. However, even if the court were to accept the parties' assertion that the collective bargaining agreement is the relevant agreement, the court still would deny defendants' motion. The law in the Tenth Circuit is that employees do not have to exhaust grievance procedures in a collective bargaining agreement before suing for violation of federal anti-discrimination laws. See *Harrison v. Eddy Potash, Inc.*, 112 F.3d 1437, 1453–54 (10th Cir.1997). The union urges the court to rule contrary to this precedent based on two recent Supreme Court cases, *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998) and *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). The court declines to presume that the Tenth Circuit will change its position based on these cases.