**Steven W. NYHART, Plaintiff,**

v.

**U.A.W. INTERNATIONAL, Defendant.**

**Steven W. Nyhart, Plaintiff,**

v.

**U.A.W. Local # 31, Defendant.**

Nos. Civ.A. 99–2251–GTV,
Civ. A. 99–2252–GTV.

United States District Court,
D. Kansas.

Nov. 27, 2001.

Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Plaintiff.

Bruce C. Jackson, Jr., Mark A. Kistler, Yonke, Arnold, Newbold & Regan, P.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

This case is before the court on defendants' motion to reconsider (Doc. 52). Defendants ask the court to reconsider a portion of its Memorandum and Order denying summary judgment (Doc. 51). Specifically, defendants maintain that the court erred in concluding that a genuine issue of material fact existed as to whether plaintiff failed to exhaust his remedies with the EEOC in a timely manner.[1] The court has reconsidered the issue and agrees with

---

1. Defendants' motion to reconsider does not address the other rulings contained in the court's Memorandum and Order.

defendants. For the reasons stated below, defendants' motions for reconsideration and summary judgment are granted.[2]

■ Neither the Federal Rules of Civil Procedure nor this District's Rules of Practice and Procedure recognize a motion for reconsideration when it contemplates a dispositive order. The court will therefore construe defendants' motion as a motion to alter or amend judgment made pursuant to Fed.R.Civ.P. 59(e). See Steele v. Ellis, 961 F.Supp. 1458, 1467 (D.Kan.1997) (citation omitted). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995); *Priddy v. Massanari*, No. 99–4195–DES, 2001 WL 1155268, at *2 (D.Kan. Sept. 28, 2001).

Defendants have asserted neither a change in law nor the availability of new evidence. Rather, defendants ask the court to reconsider its Memorandum and Order based on the argument that any of plaintiff's post-June 1997 requests that defendants file grievances were mere requests for reconsideration of defendants' earlier refusals to file grievances. As such, defendants argue, the requests were ineffective at extending the time period during which plaintiff was required to file an EEOC charge regarding the allegedly discriminatory treatment. Defendants submit that because plaintiff failed to file an EEOC charge within 300 days of June 30, 1997, plaintiff failed to exhaust his administrative remedies in a timely manner. The court agrees.

The court bases its decision on the law governing accrual of discrimination claims. In *Delaware State College v. Columbus B.*

*Ricks*, a faculty member at Delaware State College, was notified that the Board of Trustees had voted to deny him tenure in March of 1974. 449 U.S. 250, 252, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Ricks immediately filed a grievance, which was denied in September of 1974. *Id.* at 252–254, 101 S.Ct. 498. The college offered Ricks a contract to teach for one additional year in June of 1974, and Ricks continued to teach until June of 1975. *Id.* at 253–54, 101 S.Ct. 498. In April of 1975, Ricks filed a charge of discrimination with the EEOC. *Id.* The Supreme Court held that Ricks's EEOC charge was untimely because it was filed more than 180 days after the tenure decision was made and communicated to Ricks:

> [T]he only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and communicated to Ricks. That is so even though the effects of the denial of the tenure—the eventual loss of a teaching position—did not occur until later. The Court of Appeals for the Ninth Circuit correctly held, in a similar tenure case, that "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." It is simply insufficient for Ricks to allege that his termination "gives present effect to the past illegal act and therefore perpetuates the consequences of forbidden discrimination."

*Id.* at 258, 101 S.Ct. 498 (citations omitted). The Supreme Court also noted that the date Ricks's time to file his EEOC charge began to run was not in September of 1974, when he was notified that his grievance had been denied. *Id.* at 260–61, 101 S.Ct. 498. In footnote fifteen of the opin-

---

**2.** For a full recitation of relevant facts, see the court's Memorandum and Order of October 24, 2001, which can be found at *Nyhart v.*

*U.A.W. International,* 170 F.Supp.2d 1135 (D.Kan.2001).

ion, the Supreme Court stated, "Mere requests to reconsider ... cannot extend the limitations periods applicable to the civil rights laws." *Id.* at 261 n. 15, 101 S.Ct. 498. In other words, the Supreme Court treated Ricks's grievance as a request to reconsider the decision to deny him tenure.

The Tenth Circuit has cited Ricks several times to support the position that a discrimination claim accrues on the date an employee is notified of an adverse employment decision. See, e.g., *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir.1994); *Freed v. Bd. of Regents*, No. 98–1328, 1999 WL 1029127, at *2 (10th Cir. Nov. 12, 1999). Likewise, courts in other jurisdictions have cited Ricks to support a holding that a denied request for reconsideration or a failure to reinstate or rehire does not constitute a new act of discrimination. See, e.g., *Ombe v. Fernandez*, 914 F.Supp. 782, 788 (D.P.R.1996); *Redd v. Fisher Controls*, 814 F.Supp. 547, 550 (W.D.Tex. 1992) (compiling cases).

 Here, the uncontroverted evidence shows that plaintiff asked defendants to file grievances on his behalf in January of 1997 and possibly as late as June of 1997. Defendants refused to file the grievances at those times. Plaintiff admits that any grievances he attempted to file between June and August of 1998 involved the same issues as his earlier grievance requests, requests made in or before June of 1997.[3] Based on this admission, the court concludes that plaintiff's attempts to file grievances between June and August of 1998 were mere requests for reconsideration. As such, the denials of plaintiff's requests did not restart the time period during which plaintiff had to file his EEOC charge. See *Ricks*, 449 U.S. at 261 n. 15, 101 S.Ct. 498. Because plaintiff failed to file an EEOC charge until November of 1998, and because that charge listed only June through August of 1998 as the alleged dates of discrimination, the court concludes that plaintiff failed to timely exhaust his administrative remedies. The court finds that manifest injustice would result if it allowed plaintiff to proceed with his claims absent proper exhaustion of administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for reconsideration (Doc. 52) is granted and defendants' motion for summary judgment (Doc. 44) is granted.

The case is closed.

Copies of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

---

3. In his response to defendants' summary judgment motion, plaintiff purported to controvert this fact. However, plaintiff offered nothing but a blanket denial. Unsupported allegations or denials are insufficient to create a genuine issue of material fact. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Furthermore, the court has examined plaintiff's deposition testimony, and concludes that it is consistent with defendants' proffered uncontroverted fact:

Q. In looking at those dates, June of '98 through August 30th of '98, as we sit here now, can you tell me anything specific that you were complaining about during that time period that you had not complained about back in June of 1997 when you came back to work?

A. I would say it would all be related to the original complaints and my pursuit—I think you're aware that I've been pursuing that ever since....

The court rejects plaintiff's argument that other deposition testimony, where plaintiff stated that he was not certain whether June through August of 1998 was the time period when the alleged discrimination occurred, creates a genuine issue of material fact.